# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TAMIKA LANE GARDNER,**

    **Plaintiff,**

                      Case No.: 8:08-CV-01414-T-17-EAJ

**v.**

**CITY OF TAMPA**
**and LARRY MCKINNON,**

    **Defendants.**

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on the following motion and responses:

1.    Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. 12).

2.    Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. 15).

3.    Defendants' Notice of Supplemental Authority. (Dkt. 16).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed her Complaint on July 18, 2008, in the Thirteenth Judicial Circuit in and for Hillsborough County, Case Number 08-15922. (Dkt. 1). On July 15, 2008, Defendant, City of Tampa filed its Notice of Removal with the state court. Likewise, on July 23, 2008, Defendant filed its Notice of Removal with this Court, along with a copy of the original Complaint and other documents filed in the state court action. (Dkt. 1). At the direction of this Court's

Endorsed Order Granting Plaintiff's Unopposed Motion for Extension of Time to File Response/Reply as to Defendant's Motion to Dismiss (Dkt. 11), Plaintiff timely filed a five-count Amended Complaint on September 2, 2008. (Dkt. 10). In response, Defendants filed a Motion to Dismiss on all counts on September 8, 2008. (Dkt 15).

## STATEMENT OF THE CASE

This is an action for damages alleging municipal liability against Defendant, City of Tampa under 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional rights leading to her arrest on May 26, 2006. The Fourth and Fourteenth Amendments of the United States Constitution form the basis of Plaintiff's claims against City of Tampa, arising from Plaintiff's arrest and imprisonment for felony capital battery of a victim less than twelve years of age, charged under section 794.011 of the Florida Statutes. Plaintiff's pendant state claims seek damages against Defendant, Larry McKinnon, for intentional infliction of emotional distress and false light invasion of privacy under Florida tort law.

## FACTS

Plaintiff alleges the following facts in support of her Amended Complaint (Dkt. 10), which the Court is obliged to accept as true. Hinson v. King & Spauding, 467 U.S. 69, 72 (1984):

1. Defendant, City of Tampa, is a local governmental entity in the state of Florida that operates the Tampa Police Department ("TPD").

2. Defendant, Larry McKinnon, is a TPD employee and spokesperson for TPD's Public Information Office.

3. Until May 26, 2006, Plaintiff, Tamika Lane-Gardener, worked as a teacher's aide at Walton Academy for the Performing Arts ("Walton Academy"), a charter school in Tampa, Florida.

4. A six-year-old girl at Walton Academy told police that a teacher's aide sexually battered her. The child identified Plaintiff, Tamika Lane Gardner, as the perpetrator.

5. In support of probable cause, TPD's Criminal Report Affidavit/Notice to Appear included the six-year-old alleged victim's account that a teacher's aide touched her "private parts" and included an account of the child's pointing to her "groin area" and explaining "with animation" to indicate "how the touch was done."

6. On May 26, 2006, TPD detectives or officers arrested Plaintiff and charged her with capital felony sexual battery of a victim less than twelve years of age under § 794.011 of the Florida Statutes.

7. Plaintiff immediately asserted her innocence, but TPD representatives "refused to conduct any meaningful investigation" before arresting her "even though exigent circumstances were absent and nothing suggested that the officers would be unduly hampered by waiting to obtain more facts…"

8. Following her arrest, Plaintiff was held without bond at Orient Road Jail in Tampa, where she spent approximately ten days. Plaintiff spent most of this time in solitary confinement.

9. A short time following Plaintiff's arrest, Defendant, Larry McKinnon made a public, on-the-record statement in which he stated, "There was penetration of the child and that's what determines the case of sexual battery as opposed to lewd and lascivious or inappropriate touching."

10. Print, radio, television, and Internet press media outlets disseminated this statement.

11. Plaintiff retained attorneys Jung & Sisco in Tampa, Florida as defense counsel.

12. Jung & Sisco filed a Motion to Set Bond on June 1, 2006, which was heard on June 5, 2006.

13. During this hearing, the Assistant State Attorney acknowledged that the evidence gathered consisted solely of the Criminal Report Affidavit that did not contain descriptions of penetration.

14. The presiding judge concluded that the evidence was "not sufficient to allege sexual battery" and granted the Motion to Set Bond at $15,000.00, which Plaintiff posted and paid.

15. Plaintiff submitted to a polygraph on June 14, 2006, and alleges the exam revealed that she had never touched the alleged victim's private areas for any sexual purpose and that she never had any physical sexual contact with the alleged victim.

16. On July 7, 2006, Jung & Sisco informed, Assistant State Attorney, Carolle Hooper, that the alleged victim's mother had made a prior similar accusation of sexual impropriety against a day care facility employee to whom the mother owed money.

17. On August 8, 2006, the Hillsborough County State Attorney's Office dropped all charges against Plaintiff based on Plaintiff's denial of charges and polygraph results, lack of corroborating evidence, and witness credibility.

18. TPD lacked probable cause to arrest Plaintiff because police officers cannot depend on the uncorroborated evidence of a child victim of sexual abuse to form the basis of a Criminal Report Affidavit.

19. Defendant, City of Tampa and TPD Chief of Police Stephen Houge, permit, encourage, tolerate, and ratify a pattern and practice of unjustified, unreasonable and illegal imprisonment.

20. Defendant, City of Tampa and TPD Chief of Police Stephen Houge, encourage TPD police officers to file probable cause affidavits and make arrests prior to sufficient investigation of the underlying facts.

21. TPD's systematic deficiencies include preparing reports designed to vindicate probable cause affidavits; preparing of reports that omit factual information and physical evidence contradicting the officers' accounts; issuing public statements supporting officers' accounts of the incidents; failing to review investigative reports for accuracy or completeness and accepting conclusions unwarranted by evidence or contrary to existing evidence; and failing to conduct a reasonably thorough investigation before arresting a person when exigent circumstances are absent.

22. Defendant, City of Tampa and TPD Chief of Police Stephen Houge, fail to properly investigate prior complaints of lack of probable cause and false imprisonment.

23. Defendant, City of Tampa and TPD Chief of Police Stephen Houge, fail to maintain an adequate system of review regarding probable cause affidavits.

24. Defendant, Larry McKinnon's, statement to the media that Plaintiff had sexually penetrated the alleged victim had no evidentiary basis whatsoever.

25. Defendant, City of Tampa, has a policy, practice, and/or custom that encourages or allows TPD employees to misrepresent material facts about pending cases to the media intentionally or with reckless disregard for their truth.

26. TPD Chief of Police Stephen Houge implements and controls this policy and approves, acquiesces, and/or encourages these actions by, among other things, failing to adequately train and/or supervise Defendant Larry McKinnon concerning the proper method for relaying facts of pending cases and failing to punish the TPD officers responsible for making misrepresentations to the media.

27. Defendants' acts subjected Plaintiff to false imprisonment and governmental defamation without due process in violation of her constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, entitling her to damages under 42 U.S.C. § 1983.

28. Plaintiff also alleges she suffered severe emotional damage, damage to her reputation, social isolation and ostracization, loss of employment opportunities in teaching and has incurred thousands of dollars in attorneys' fees, entitling her to damages under Florida Law.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts that would entitle the plaintiff to relief. White v. Florida Highway Patrol, 928 F. Supp. 1153, 1156 (Fla. M.D. 1996) (citing Conley v. Gibson, 355

U.S. 41 (1957)). A trial court is required to view the complaint in a light most favorable to the plaintiff. Id. (citing Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir.1991)). Although the trial court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there. Id. (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944-45, 92 L. Ed. 2d 209 (1986); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir.1992)).

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir.1997). Further, the analysis of a 12(b)(6) motion *is limited primarily to the face of the complaint and attachments to it.* Id. (Emphasis supplied). Rule 12(b)(6) is read alongside Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. (2008). Rule 8(a)(2) is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity. Brooks, 116 F.3d 1364, 1368 (11th Cir.1997) (citation omitted).

However, the Eleventh Circuit imposes "heightened pleading requirements" for *certain* section 1983 cases that involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir.2004)(citing Leatherman v. Tarrant County, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed.2d 517 (1993)) (emphasis supplied); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001) (recognizing that, in the Eleventh Circuit, a complaint must be pleaded with "heightened specificity ... in civil rights actions against *public officials* who may be entitled to qualified immunity.")(Emphasis supplied).

For §1983 cases, alleging individual non-governmental liability or municipal liability, the United States Supreme Court has determined that a court may not apply a heightened pleading

standard more stringent than that required by Rule 8 of the Federal Rules of Civil Procedure. Leatherman, *supra*, 507 U.S. at 164, 113 S. Ct. at 1161.

Accordingly, in determining whether a Plaintiff has stated a § 1983 claim against Defendant, Larry McKinnon, a government official, and Defendant, City of Tampa, a municipality, this Court must be guided both by the heightened pleading requirement and by the regular 12(b)(6) standard. See Rule 8(a)(2), Fed. R. Civ. P. (2008); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993); and GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir.1998).

## DISCUSSION

### I. SUFFICIENCY OF 42 U.S.C § 1983 CLAIMS

Plaintiffs argue that an arrest without probable cause violates the Fourth Amendment and forms the basis for violations of § 42 U.S.C. § 1983 against Defendants. Defendants move to dismiss Counts I, II, and III of Plaintiff's Amended Complaint against the City of Tampa. Defendants raise a *Monell*-immunity defense. Monell v. Dep't. of Social Serv. of N.Y., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Under Monell, there is no respondeat superior theory of liability for § 1983 actions against municipalities. 436 U.S. at 691, 98 S. Ct. 2018.

In support of this defense, Defendants argue that Plaintiff must first sufficiently allege a deprivation of a constitutional right guaranteed by the United States Constitution, that there was a City custom or policy or policy that was the moving force behind the constitutional violation, and that Plaintiff was harmed by the municipal policy or custom. Defendants also argue that Plaintiff's seizure was made with probable cause to arrest, precluding a § 1983 cause of action. Defendants next argue that the initial probable cause determination is not tainted by subsequent events result in

a later finding of credibility problems with statements reasonably relied upon, a subsequent declination to prosecute, or even an ultimate acquittal of all charges. Finally, Defendants argue that Plaintiff has no claim based on governmental defamation standing alone because Plaintiff has not stated a property or liberty interest related to foreclosed opportunities to work as a teacher. The Court declines to address all of these arguments and instead focuses on the arguments related to policy, practice and procedure and probable cause. Each Count is treated in turn.

        **A.**       **Count I: Policy, Practice or Procedure (Municipal Liability Against the City of Tampa)**

To state a claim against a municipality under 42 U.S.C. § 1983, Plaintiff must allege that the municipality itself has officially sanctioned or ordered the wrongful act. City of St. Louis v. Paprontik, 485 U.S. 112, 123, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1998) (citation and quotations omitted). A municipality may be held liable for constitutional torts when it can be shown that the tort was caused by the execution of an express municipal policy, or caused by a widespread municipal custom or practice that constitutes a custom or usage that has the force of law. Id. (citations and quotations omitted); City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

Plaintiff has generally averred that certain policies and practices existed, but fails to point to any evidence of an *express* City of Tampa policy that condones Larry McKinnon's alleged actions. Additionally, because the Amended Complaint does not provide the Court with sufficient information to make a determination regarding the existence of probable cause, the nexus between the violation alleged and ensuing deprivation of a constitutional right cannot be established. This necessitates the granting of the Defendants' motion as to Count I.

B.  **Count II: Lack of Probable Cause/Reliance on False Probable Cause Affidavits (Municipal Liability Against the City of Tampa)**

Defendants argue that the Amended Complaint provides no factual support in the Complaint that police related false facts in the affidavit because the facts and circumstances within the officer's knowledge at the time were based on reasonably trustworthy information. Defendants also state that an initial finding of probable cause is not undermined by subsequent events.

The Court agrees with Defendants' position that the existence of probable cause is an absolute bar against §1983 false arrest claims. Durruth v. Pastor, 351 F.3d 1080, 1087 (11th Cir. 2003); Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1310 (Fla. M.D. 2005) (citations omitted). See also (Dkt. 12, at 5).

Probable cause to arrest exists "when an arrest is 'objectively reasonable based on the totality of the circumstances.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Ferraro, 284 F.3d at 1195). "This standard is met when the facts and circumstances within the *officer's knowledge,* of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (Emphasis added).

Police officers who make an arrest without probable cause are still "entitled to qualified immunity if there was arguable probable cause for the arrest." Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir.1999) (citing Lindsey v. Storey, 936 F.2d 554, 562 (11th Cir. 1991)). Arguable probable cause exists when "an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997); see also Jones, *supra*, 174 F.3d at 1283.

Defendants argue that an allegation made by the six-year-old child in this case was sufficient to support the probable cause affidavit. Defendants cite Rankin v. Evans, 133 F.3d 1425, 1440 (11th Cir.1998), Lowe v. Aldridge, 958 F.2d 1565, 1571 (11th Cir.1992), and Marx. v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir.1990) as authority for the proposition that police officers are entitled to "rely to a meaningful degree" on uncorroborated statements of a child victim.

The Court declines to make a determination with regard to the existence of probable cause at this juncture, except to state that no court in this circuit has explicitly ruled out the validity of a warrant based on uncorroborated child victim statements evidence *alone*; however, the Court is mindful that Defendants' motion cites cases that are factually distinguishable from the instant case. See Rankin, 133 F.3d 1425 (relying on child's statement, audio tape, interview with child's mother, and medical examination); Lowe, 958 F.2d 1565 (finding that officers prepared an affidavit in support of arrest and search warrants based on the repeated, detailed, and explicit statements of three children that they had been ritualistically sexually abused by their father, grandmother, and great-aunt); and Marx, 905 F.2d 1503 (holding that a statement made by arrestee's four-year-old daughter after she was raped, "Daddy did this to me," together with arrestee's incriminating statement and failure of polygraph examination, gave officers probable cause to make arrest).

Plaintiff's Amended Complaint makes reference, regarding her arrest on May 26, 2006, to the Criminal Arrest Report Affidavit/Notice to Appear and provides an excerpted portion of the affidavit. (Dkt. 10). The Court must examine the circumstances of the arrest and decide whether the historical facts available at the time of the arrest amount to probable cause. With that said, a liberal reading of portions of Plaintiff's Amended Complaint may plausibly state a claim sufficient to sustain an action against Defendants. But questions remain.

Even though the Court recognizes that facts and circumstances leading up to and following Plaintiff's arrest are of significant import to a probable cause determination, their nature and timing are unclear from the face of the Amended Complaint. Although it is permissible to consider attachments to a complaint Brooks, *supra*, 116 F.3d 1364, 1368, the Court does not have the benefit of the Criminal Arrest Report Affidavit/Notice to Appear and is not permitted to read into the complaint facts that are not there. White, *supra*, 928 F.Supp. 1153, 1156 (Fla. M.D. 1996) (citations omitted).

The Court has no alternative but to find that Plaintiff's Amended Complaint does not provide the Court with sufficient information to make a determination regarding the existence of probable cause, the linchpin of this § 1983 action. Defendants' motion as to Count II is granted.

    **C.**  **Count III: Failure to Train and/or Supervise (Municipal Liability Against the City of Tampa)**

Defendants argue that evidence of an *express* City of Tampa policy and a sufficient connection to an alleged violation of Plaintiff's constitutional right must be established to support this allegation. Because Amended Complaint does not provide the Court with sufficient information to make a determination regarding the existence of probable cause, the nexus between the failure to train and/or supervise and the alleged ensuing deprivation of a constitutional right cannot be established. This necessitates the granting of the Defendants' motion as to Count III.

**II. PENDENT STATE CLAIMS**

Defendants move to dismiss Counts IV and V of Plaintiff's Amended Complaint against Larry McKinnon because he is entitled to absolute immunity. The Court disagrees with Defendants' position. The United States Supreme Court and several circuits have regularly applied the doctrine of qualified immunity to the making of press statements. See e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606, (1993) (holding prosecutor's allegedly false

statements, made during public announcement of indictment, were entitled to only qualified, and not absolute immunity from § 1983 liability); Marx v. Gumbinner, 855 F.2d 783, 791 (11th Cir. 1988) (abrogated on other grounds by Burns v. Reed, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); Powers v. Coe, 728 F.2d 97, 103 (2d Cir. 1984); Marrero v. Hialeah, 625 F.2d 499, 506-507 (5th 1980), cert. denied, 450 U.S. 913, 101 S. Ct. 1353, 67 L. Ed. 2d 337 (1981); Gobel v. Maricopa County, 867 F.2d 1201, 1205 (9th 1989); England v. Hendricks, 880 F.2d 281, 285 (10th Cir. 1989), cert. denied, 493 U.S. 1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990).

These cases suggest that Larry McKinnon may be entitled to qualified immunity, which protects officials performing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982); see also White v. Florida Highway Patrol, 928 F.Supp. 1153, 1159 (Fla. M.D. 1996).

Because Larry McKinnon is a public official who may be entitled to assert qualified immunity, the Eleventh Circuit's "heightened pleading requirements" apply to him. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir.2004) (citations omitted). The Court must consider Plaintiff's claims with an eye toward determining whether Plaintiff's Amended Complaint satisfies this pleading standard.

### A. Count IV: Intentional Infliction of Emotional Distress (Against Defendant McKinnon)

Defendants argue that Count IV of the Amended Complaint fails to state a cause of action. Plaintiff alleges that Defendant, Larry McKinnon's unequivocal statement to the media was unnecessary and that he made no effort to remind the media that all charges remained to be proven. Plaintiff claims this statement caused her injury, including severe emotional damage, damage to her reputation, social isolation and ostracization, loss of employment opportunities in teaching, and thousands of dollars in attorneys' fees.

The tort of "intentional infliction of emotional distress" is recognized in Florida. Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985). In 1985, this Court recognized a viable cause of action "so long as the conduct is sufficiently outrageous." Corkery v. SuperX Drugs Corp., 602 F. Supp. 42, 46, 36 Fair Empl. Prac. Cas. (BNA) 1815, 37 Empl. Prac. Dec. P 35,408 (Fla. M.D. 1985) (citing Mundy v. Southern Bell Telephone & Telegraph Co., 676 F.2d 503, 506 (11th Cir.1982). "[O]utrageous conduct is behavior which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community." Fla. Std. Jury Instr. (Civ.) MI 10b.

In order to state a claim for intentional infliction of emotional distress, Plaintiff must allege (1) engaged in extreme and outrageous conduct; (2) that Defendant acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress; (3) that Plaintiff suffered severe emotional distress; and (4) that Defendant's conduct was a legal cause of Plaintiff's severe emotional distress. Fla. Std. Jury Instr. (Civ.) MI 10a. According to the Amended Complaint, Larry McKinnon told the media that "[t]here was penetration

of the child and that's what determines the case of sexual battery as opposed to lewd and lascivious or inappropriate touching." Defendants argue that Plaintiff was charged with a violation of section 794.011 of the Florida Statutes, which criminalizes penetration of, or union with, the vagina of a child less than 12, and that Larry McKinnon's statement merely seems to state a distinction between two criminal offenses.

Even when viewed in a light most favorable to the Plaintiff, the partial statement contained in the Amended Complaint can arguably be viewed as only describing *actual* events. However, Plaintiff's Amended Complaint fails to state facts sufficient meet the Eleventh Circuit pleading requirement in order to support a finding that Larry McKinnon's conduct sufficiently outrageous or that bears sufficient connection to Plaintiff's alleged injuries. Defendants' motion as to Count IV is granted with prejudice.

### B. Count V: Invasion of Privacy False Light (Against Defendant McKinnon)

The Florida Supreme Court recently declined to recognize a cause of action for false light invasion of privacy concluding that false light is largely duplicative of existing torts, but without the attendant protections of the First Amendment. Jews for Jesus v. Rapp, 2008 WL 4659374 1 (2008). Defendants' motion as to Count V is granted.

### **CONCLUSION**

This Court agrees with Defendants that Counts I, II, and III of Plaintiff's Amended Complaint fails to demonstrate a constitutional violation. This Court disagrees with Defendants that Larry McKinnon is entitled to absolute immunity, but agrees Counts IV and V of Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted. The Court warns the

Plaintiff to proceed in good faith to promptly correct deficiencies identified and discover facts necessary to correct the complaint. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss 42 U.S.C. § 1983 against Defendant, City of Tampa (Counts I, II, and III), is **GRANTED**, and Defendants' Motion to Dismiss Plaintiff's state law claims in Count IV against Defendant, Larry McKinnon, is **GRANTED** with prejudice. Plaintiff shall have **ten (10) days** to cure all other noted deficiencies and file a Second Amended Complaint or those claims will be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Tampa, Florida on February 18, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record