UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMIKA LANE GARDNER,

     Plaintiff,

                          Case No.: 8:08-CV-01414-T-17-EAJ

v.

CITY OF TAMPA
and LARRY MCKINNON,

     Defendants.

_____/

## ORDER ON PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

This cause comes before the Court on Plaintiff's Amended Motion for Leave to File Third Amended Complaint (Doc. 35) and Defendant's response thereto (Doc. 37). For the reasons set forth below, Plaintiff's Amended Motion for Leave to File Third Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**.

### PROCEDURAL HISTORY

Plaintiff originally filed her Complaint on July 18, 2008, in the Thirteenth Judicial Circuit for Hillsborough County, Case Number 08-15922. On July 15, 2008, Defendant, City of Tampa, filed its Notice of Removal with the state court (Doc. 1). Likewise, on July 23, 2008, Defendant filed its Notice of Removal with this Court, along with a copy of the original Complaint and other documents filed in the state court action (Doc. 2). Plaintiff then filed a five-count amended

complaint on September 2, 2008 (Doc. 10). In response, Defendants filed a Motion to Dismiss on all counts on September 8, 2008 (Doc. 12). The Court granted Defendant's Motion to Dismiss Counts I, II, and III. Further, the Court granted the Defendant's Motion to Dismiss Counts IV and V with prejudice (Doc. 15).

Plaintiff filed a Second Amended Complaint on March 9, 2009 (Doc. 23). In response, Defendants filed a Motion to Dismiss the Second Amended Complaint on March 12, 2009 (Doc. 27). Plaintiff filed a response to the Motion to Dismiss the Second Amended Complaint on March 27, 2009 (Doc. 29). After depositions were taken on March 20, 2009 and March 24, 2009, Plaintiff filed a Motion for Leave to File a Third Amended Complaint on April 23, 2009 (Doc. 30). Plaintiff proposed to add facts from the depositions of Robert Parrish and Sonja McCaughey that would assist in stating a cause of action upon which relief can be granted. Defendants then filed a Response to the Motion for Leave to File a Third Amended Complaint on April 27, 2009 (Doc. 31). Before the Court could rule on the motion, Plaintiff filed an Amended Motion for Leave to File Third Amended Complaint on June 3, 2009 that sought to add Detective Sonja McCaughey as a defendant (Doc. 35). Defendants filed a Response to the Amended Motion for Leave to File Third Amended Complaint on June 5, 2009 (Doc. 37).

## STATEMENT OF THE CASE

This is an action for damages alleging municipal liability against Defendant, City of Tampa, and personal liability, if allowed to amend, against Sonja McCaughey under 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional rights leading to her arrest on May 26, 2006. The Fourth and Fourteenth Amendments of the United States Constitution form the basis of Plaintiff's claims against City of Tampa, arising from Plaintiff's arrest and imprisonment for

felony capital battery of a victim less than twelve years of age, charged under section 794.011 of the Florida Statutes.

## DISCUSSION

A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has put some limits on this discretion by emphasizing Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires." *Id.* Therefore, because "this mandate is to be heeded," there must be a "justifying reason" for a court to deny leave to amend. *Id.*; see also *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" to deny leave to amend is needed).

In *Grayson v. Kmart Corp.*, the Supreme Court indicated that in deciding whether to grant leave to amend, the Court may consider the following factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously permitted amendments, undue prejudice to the opposing party, and the futility of the amendment. 79 F.3d 1096, 1109 (11th Cir. 1996).

### 1. *Leave to Amend to Cure Pleading Deficiencies*

Defendant argues that since Plaintiff has not included a copy of the proposed amendment or set forth the substance of it, that it should not be allowed. *Satz v. Long*, 181 F.3d 1275, 1279 (11th Cir. 1999). However, Defendant has incorrectly referenced *Satz*. In that case, the plaintiff had not included any examples of proposed amendments. Further, the plaintiff had not even filed a motion for leave to amend, but rather had simply included the request for leave to amend in a memorandum opposing a motion to dismiss. *Id.* However, in the present case Plaintiff *has*

illustrated a handful of examples of proposed amendments within her motion for leave to amend. Therefore, the Court does not find Defendant's argument to be persuasive.

Defendant also argues that Plaintiff's motion should be denied because the Court has not yet resolved the outstanding Motion to Dismiss Second Amended Complaint. This argument is also unpersuasive because the Motion to Dismiss the Second Amended Complaint would only be relevant if the Court were to deny Plaintiff's Amended Motion for Leave to File Third Amended Complaint.

### A. Rule 16

Defendant argues that under Rule 16(b)(3) Plaintiff should not be able to file an amended complaint because it would be filed after the due date set forth by the Scheduling Order. The Court does not find this argument to be credible given the posture of the case.

### B. Failure to Cure Deficiencies

Defendant also argues that Plaintiff has already had three opportunities to plead her claims and as yet has been unable to effectively do so. This Court does not find this argument to be persuasive because Plaintiff was previously unable to include the current facts that she wishes to add because she had not yet had an opportunity to conduct depositions.

### C. Futility of Amendment

Further, Defendant contends that Plaintiff's amendments would be futile because even given the proposed changes she would still not be able to state a claim upon which relief could be granted. If that were the case, then that would be sufficient to support a denial of leave to amend. *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir.1986), *cert. denied*, 480 U.S. 946, 107 S.Ct. 1604, 94 L.Ed.2d 790 (1986). However, this standard should be applied narrowly. Leave to amend should only be denied on the ground of futility when the proposed

amendment is *clearly* insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980).

As to Count I of the complaint, Plaintiff has not shown any evidence that bolsters her claim that the City of Tampa officially sanctioned or ordered Detective McCaughey's actions. Since Plaintiff is still unable to state a claim upon which relief can be granted, the amendment as to Count I is futile.

As to Count II of the complaint, Plaintiff provides some evidence that Sonja McCaughey did not have probable cause when she arrested Plaintiff, which could affect the determination of whether the arrest was "objectively reasonable" based on the totality of events. Therefore, Count II is not futile because Plaintiff is able to state a claim upon which relief can be granted.

As to Count III of the complaint, Plaintiff has provided some evidence that the City of Tampa did not provide its officers with sufficient training in how to determine probable cause. Therefore, Count III is not futile because Plaintiff may be able to state a claim upon which relief can be granted.

Therefore, the Court **DENIES** Plaintiff's motion to amend Count I and **GRANTS** Plaintiff's motion to amend Counts II and III.

### II. *Leave to Amend to Add a Party*

The Supreme Court has indicated that in deciding whether to grant leave to amend, the Court may consider undue delay, bad faith or dilatory motive in its determination. *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1109. In the case at bar, Plaintiff waited to file this motion until almost five months after the deadline to join new parties had passed. Plaintiff had many opportunities to add Sonja McCaughey as a defendant and yet waited until the last minute to do so. Defendant is correct in stating the Plaintiff learned no new information in the depositions

about Detective McCaughey's conduct that was not already available from the arrest report. Furthermore, Plaintiff admits that she contemplated adding Detective McCaughey as a witness much earlier in the process, but did not because she did not want to do so until she discovered enough information to overcome Detective McCaughey's claim of qualified immunity. However, since qualified immunity is a defense, Plaintiff is not required to draft the complaint in anticipation of the defense. *Gomez v. Toledo*, 446 U.S. 635 (1980). To permit Plaintiff to add a party at this late stage would only reward Plaintiff for holding back its motion until the last possible moment.

Therefore, Plaintiff's motion to add Sonja McCaughey as a defendant in this case is **DENIED**.

## CONCLUSION

**ORDERED** that Plaintiff's Amended Motion for Leave to File a Third Amended Complaint is hereby **GRANTED IN PART** and **DENIED IN PART**. The third amended complaint shall be filed within ten days of this date and the Court denies the Motion to Dismiss (Doc. 27) as moot.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 11th day of June, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record